**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4882**

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

      v.

BERNALDINO MUNOZ-MENDEZ, a/k/a Fernando,

                 Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00408-RJC)

Submitted:  February 2, 2009        Decided:  March 13, 2009

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Reita P. Pendry, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernaldino Munoz-Mendez appeals his conviction after a jury trial of attempted bank robbery, in violation of 18 U.S.C. § 2113(a) (2006); possessing a firearm in and affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(5) (2006); possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2006); attempting to damage or destroy a building used in and affecting interstate commerce, in violation of 18 U.S.C. § 844(i) (2006); and making a destructive device, in violation of 26 U.S.C. §§ 5822, 5861(f) and 5871 (2006).

On appeal, Munoz-Mendez argues that the evidence was insufficient to convict him of the two attempt offenses, and therefore, the district court erred in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal on those two counts. Specifically, Munoz-Mendez claims the evidence showed nothing more than mere preparation and did not constitute a substantial step toward the completion of the offenses. Also, because the evidence was insufficient to convict him of attempted bank robbery, Munoz-Mendez argues that the predicate offense for the § 924(c) offense is missing, and therefore, the district court erred in denying his Rule 29 motion on that count. Munoz-Mendez's claims are without merit.

This court reviews a district court's decision to deny a Rule 29 motion de novo. United States v. Midgett, 488 F.3d 288, 297 (4th Cir. 2007). Where, as here, the motion is based on a claim of insufficient evidence, "the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Midgett, 488 F.3d at 297. "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Delfino, 510 F.3d 468, 471 (4th Cir. 2007) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006)(en banc).

"An attempt to commit a crime, which is recognized as a crime distinct from the crime intended by the attempt, punishes conduct that puts in motion events that would, from the defendant's point of view, result in the commission of a crime but for some intervening circumstance." United States v. Pratt, 351 F.3d 131, 135 (4th Cir. 2003). In order to prove an attempt, the Government must establish that:

3

(1) the defendant had the requisite intent to commit a crime; (2) the defendant undertook a direct act in a course of conduct planned to culminate in his commission of the crime; (3) the act was substantial, in that it was strongly corroborative of the defendant's criminal purpose; and (4) the act fell short of the commission of the intended crime due to intervening circumstances.

Id.

Mere preparation is insufficient to establish an attempt. United States v. Sutton, 961 F.2d 476, 478 (4th Cir. 1992). However, the defendant need not commit the last act necessary before the actual commission of the substantive crime to be guilty of an attempt. Id. Whether a defendant has engaged in a substantial act beyond mere preparation is a factual question. Pratt, 351 F.3d at 136. Facts that strongly corroborate a defendant's criminal purpose and may constitute a substantial step toward commission of the substantive crime include: (1) lying in wait, searching for, or following the contemplated victim; (2) reconnoitering the place contemplated for the commission of the crime; (3) possession of materials to be employed in the commission of a crime; and (4) possession or fabrication of materials to be used in the commission of the crime, at or near the place contemplated for its commission. Pratt, 351 F.3d at 135.

The evidence presented at trial, viewed in the light most favorable to the Government, overwhelmingly establishes

4

that Munoz-Mendez was guilty of both attempt offenses. Munoz-Mendez observed the targeted Bank of America for approximately one year while working construction jobs near the bank. Munoz-Mendez took note of the number of guards, cameras, and employees. Also, in the days leading up to the planned robbery, Munoz-Mendez reconnoitered the Bank of America multiple times. Munoz-Mendez planned all the major details of the robbery, including how the money would be split among the participants, the equipment needed, and the use of a Molotov cocktail as a diversion. Munoz-Mendez assigned responsibilities for the robbery to a confidential source and to an undercover agent. Munoz-Mendez drew a schematic of the bank and planned what actions each member would take during the robbery and escape. Munoz-Mendez attempted to recruit other participants in the robbery. Also, Munoz-Mendez repeatedly affirmed his intent to commit the robbery. Finally, Munoz-Mendez detailed the items needed to make the Molotov cocktails, and then assembled those materials into two bombs the day before the planned robbery. We have reviewed the record and determine that this evidence, viewed in the light most favorable to the Government, establishes Munoz-Mendez was guilty of both attempt offenses. Therefore, the district court did not err in denying Munoz-Mendez's motion for acquittal.

Accordingly, because the evidence was sufficient to convict him of attempted bank robbery, the predicate offense for the § 924(c) conviction existed, and the district court did not err in denying Munoz-Mendez's motion on the § 924(c) count. We note, however, that the written judgment contains a clerical error in that, on the first page, the judgment indicates that Munoz-Mendez pleaded guilty to counts 1-5, rather than that he was found guilty after a plea of not guilty. Therefore, we affirm the judgment of the district court but remand for correction of the written judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED AND REMANDED